ALEXANDER McLEAN, Register, for use, *against* The Executors of JAMES FINLEY, deceased.

### IN ERROR.

The presumption of satisfaction which arises as to a bond, conditioned for the payment of mony, after the lapse of twenty years, is equally applicable to an administration bond; and the proof of circumstances to prevent the presumption of payment from beginning to run one year after the date of the bond, rests with the plaintiff.

The exhibition of an administration account in the register's office, within the period of twenty years before suit brought, is not such an act on the part of the administrator, as will take the case out of the rule.

There is no general rule, in a case like this, by which the force of circumstances of counter-presumption may be safely determined; and the whole may be properly left to the jury as a matter purely of fact.

ERROR to the Common Pleas of Fayette county.

This was an action of debt upon an administration bond, brought to January term 1823, in the name of *Alexander McLean*, register, for the use of *Robert Jackson* and *Nancy* his wife, who was one of the heirs of *Daniel Cannon*, deceased, against *David A. Sherard* and *John Junk*, executors of *James Finley*, deceased, who was the surviving defendant of *Agness Cannon* and *James Rankin*, who were surviving obligors of *John Cannon* and *Matthew Wylie*, deceased.

The bond upon which suit was brought was dated 28th March, 1797, and was executed by *Agness Cannon, James Finley* and *John Cannon*, as principals, and administrators of *Daniel Cannon*, deceased, and by *James Rankin* and *Matthew Wylie*, as their sureties. Penalty £2000, with the condition prescribed by the act of assembly.

The breaches assigned were,

1. The defendants did not make out and file an inventory, within one month from the date of the bond.

2. The defendants did not state and settle their administration account within one year after the date of the bond; nor was any such thing done before the 9th December, 1805, when an account was filed in the register's office, but never presented or approved by the Orphan's Court.

3. That according to the statements filed by the defendants in the register's office on the 9th December, 1805, there was a balance of the personal estate of the said *Daniel Cannon*, dec'd. in their hands, after payment of all debts amounting to £1449 5s. 6s., one-third whereof was to be paid by them to the widow of said deceased, and the remaining two thirds to and among the children,

13

(Alexander McLean *v.* James Findley.)

being seven in number, of said deceased, in equal portions. And that the defendants had refused to pay the said *Robert Jackson* and *Nancy* his wife, their proportional part, to wit, the sum of £138.

Plea, payment with leave, &c. Rep. *Non solverunt* issue.

The Court below, (*Baird* president) charged the jury as follows:

"The execution of the bond here is admitted. Have its conditions been fulfilled? You will observe that particular duties are set forth, which, if performed, will discharge the obligation. Negligence or failure, however, incurs a forfeiture of the penalty, which will be held as a security for the parties who may be injured. If you are satisfied that the bond was forfeited by a failure to perform the condition, it remains to consider certain legal principles, upon which it is claimed that the defendant is discharged from liability on his bond. It is said the act of 4th April, 1797, fixes the limitation of 7 years, within which suit must be brought on the bond. This however seems to relate to the remedy of creditors, against the sureties of administrators. Such has been the construction of the highest tribunal of the state; which can leave us no room for opinion. It is urged that a presumption of payment arises from lapse of time. A rule of policy has become settled law, that after 20 years, a bond shall be considered paid, unless some facts appear to repel the presumption. I see no reason why the same wise and equitable rule should not be applied to such an obligation as the present. It is taken for the benefit and security of individuals, and the same presumption ought to arise from their *laches,* as in the case of private bonds. This bond was executed in 1797, and no proceedings were had upon it until January term 1823, a period of 26 years. How is the delay accounted for? Does it accord with the known principles of human nature to sit quiescent for many years, and never assert a right indisputable? In 1805, *John Cannon* the acting administrator files an account in the office of the register, showing a balance in his hands of more than £1400, for distribution among the heirs. Does the presumption arise that this balance was paid to the claimants? It has been said that even a lapse of 18 years will allow a legal presumption of payment, where the case presented circumstances to strengthen the presumption of fact. This period is about 18 years. Do the facts give ground to believe that this money was paid? Here is a balance adjudged by the administrator, and admitted to be in his hands for distribution. Do you believe that they permitted their several shares to remain uncalled for? Or do the circumstances warrant the belief, that payment was made? We leave the case on this point to you. Are there any circumstances

(Alexander McLean *v.* James Findley.)

to repel the legal presumption of payment from the lapse of time? If there are none, the suit on the bond ought to be barred. If however, the settlement in 1805 is considered as impairing the legal presumption from mere lapse of time, still if there is preponderating evidence of fact or circumstances to raise a presumption of payment in fact, it will strengthen the legal presumption, and the plaintiff ought not to recover."

The jury found a verdict for the defendant. The plaintiff took an exception to the charge of the Court, and here assigned several errors, embracing every part of it.

*Kennedy* for plaintiff in error.

The condition of the bond upon which this suit is brought, differs from the ordinary case of a bond conditioned for the payment of money; in that case the reason for the legal presumption is, that the evidence of payment may have been destroyed by the lapse of time. But in this case, the condition was for the performance of certain acts, which, when performed, became matter of record; such as the filing of an inventory and the settlement of an account. The lapse of time affords no presumption that such acts were done.

By the settlement and filing of their administration account in 1805, the administrators thereby admitted, that up to that period, the condition of their bond had not been complied with; and not having been complied with then, nor at any time afterwards, it was a breach well assigned, and sustainable in this action, brought in December, 1822.

But the lapse of time should not be sustained as a defence in this action, the judgment in which would be only cautionary. If a judgment is obtained by the defendants, in this suit, upon their plea of payment; it forever bars a recovery upon this bond, by any one in interest, however clearly he might be able to remove such presumption by proof. This defence, if available at all, can only be used upon a *scire facias*, to be issued *by any one in interest.* Cited: *Commonwealth* v. *Bryan*, 8 *Serg. & Rawle*, 132. *Carl* v. *Commonwealth*, 9 *Serg. & Rawle*, 63. *Commonwealth* v. *Shryock*, 15 *Serg. & Rawle*, 59.

*Fetterman* and *Dawson* for defendant in error.

The act of assembly fixes the time within which the representatives of a deceased person shall settle the estate of their intestate, and requires of administrators an obligation that they will file an account of their administration within one year. After the lapse of that time a right of action accrues upon that obligation to any one, who has any interest in the estate. That right accrued to the

present plaintiff in 1798; and if it was not exercised for twenty-four years, every reason which applies to the case of a common bond, and bars a recovery upon it after twenty years, applies with peculiar force to this. *Cited, Wilcox* v. *Plummer*, 4 *Peters' U. S. Rep.* 173. *Gemberling* v. *Myer*, 2 *Yeates*, 344.

In addition to the legal presumption of satisfaction, is the fact, that in 1805 the parties were actually engaged in a settlement, and which progressed to a statement by the administrator, of the account. This strengthens the presumption of satisfaction.

*Mr. Findley*, the defendant's intestate, stands in the nature of a security never having received any portion of the estate.

The opinion of the court was delivered by

GIBSON, C. J.—The alleged errors all depend on the same principle. The administration bond was executed in 1797; the administrators filed an account shewing a balance in 1805; and suit was brought in 1823. But the account was never carried to the Orphan's Court to be confirmed; and thus there was an interval of twenty-five years from the execution of the bond, and eighteen from the movement towards a settlement. The administrators were bound to settle their accounts, and were consequently *prima facie* liable to make distribution at the expiration of a year; so that the proof of circumstances to prevent the presumption of payment from beginning to run at that time, rested on the plaintiffs. Was the exhibition of an account in the register's office, like payment of interest on a plain bond, a confession of the balance, which rebutted the fant of payment at that time? And ought it to have been put to the jury as a matter of law? Had the balance been decreed, the affirmative might have been more plausibly asserted; but while the account remained *in fieri*, the balance was subject to be altered or shifted by new credits or subsequent charges, and it would therefore be dangerous to fix the administrators with it as it was exhibited. Beside, it is not easy to say why they were suffered to stop short of a perfect account, on any other supposition than that of private satisfaction. But I am not prepared to say that even a decree would arrest the presumption. In adapting general rules to particular transactions, respect must be had to the nature of the business and the habits of the persons engaged in it. Now, where thee state is notoriously solvent, it is an undoubted practice to make payments on account, most of the parties entitled being frequently paid off before settlement of the account which exhibits only the general balance, as previous payments to the distributees do not properly belong to it. There would therefore be the same inconvenience and danger of injustice in requiring the production of vouchers after a great lapse of time, where there has been an intervening settlement for

(Alexander McLean *v.* James Findley.)

the satisfaction of those who had got nothing, as if there had been none. In actions on book accounts; the lapse of six years is a legal bar; and that the same period is not so in regard to administration accounts, is merely because the balance is collaterally secured by a specialty; and the presumtion from lapse of time ought therefore to be taken as favourably for the accountant as the circumstances will bear. There is, then, perhaps no general rule, in a case like this, by which the force of circumstances of counter-presumption may be safely determined; and the judge who tried the cause very properly left the effect of filing the account, to the jury as a matter purely of fact.

Judgment affirmed.